OPINION OF THE COURT
Henry W. Lengyel, J.
Among other demands which shall not be treated of herein, the claimant has demanded that he be permitted to proceed as a poor person under CPLR 1101 and that the court assign counsel to represent him under CPLR 1102.
This is but one of many such requests made by prisoner claimants who have filed and are continuing to file claims against the State of New York since sections 79 and 79-a of the Civil Rights Law were amended by chapter 687 of the Laws of 1973. At the present time there are approximately 177 prisoner claims on our calendars, of which about 40% are proceeding in pro se status. It is also of interest to note the *274 number of notices of intention to file a claim which have been filed in our clerk’s office in Albany since the law was amended: 1973 (51), 1974 (88), 1975 (187), 1976 (353), 1977 (731), and in the first four months of 1978 (272). None of the above notices has as yet flowered into filed claims. At least 90% of these notices were filed pro se.
 In a substantial number of the pro se claims, the prisoner claimants seem to think that they may routinely be denominated "poor persons”, and that just as routinely an attorney will be assigned to represent them. Such is not the situation.
Assignment of counsel in "fee producing” civil cases, is, as yet, within the discretion of the Trial Judge; and, until otherwise ordered by higher judicial authority, this Trial Judge shall refuse to assign counsel until the Legislature provides funds for compensation of assigned counsel in prisoner civil claims against the State of New York.
These claims can present serious logistical problems in addition to the normal trial preparation problems. For example, a prisoner may allege in a pro se claim that he was injured at Clinton Correctional Facility in Dannemora, New York. After the claim is filed, he may for administrative or policy reasons be transferred to Green Haven at Stormville, or Auburn Correctional Facility at Auburn, or any one of the other correctional facilities. Does the trial court assign counsel from Clinton County, from Dutchess County, or from Cayuga County? We must remember that, in prisoner civil claims, the lawyers must go to the prisons to interview their clients. Should counsel have to absorb the expense of travel and days lost from practice in preparation of such claims for trial? Of course, if the claim is one which results in a substantial award, there is no problem as the court can provide for payment of reasonable legal fees and disbursements. However, many of the pro se claims are small, ranging from $29 up to $500. The claim at bar is for $127.05. The court would be hard pressed to pay counsel for the cost of travel alone in a claim of that size. Furthermore, many of these claims do not result in awards.
I do not believe it reasonable or equitable to require assigned counsel in prisoner civil cases to defray the cost of preparation out of his own funds. In fact, in my opinion, such would be an infringement on the attorney’s civil rights.
Claimant’s motion is denied.